The opinion of the Court was delivered by
Whitmer, J.
This case is presented under peculiar circumstances, though the courtesy of counsel has freed its consideration from much of the embarrassment that might otherwise he felt. This Court, therefore, has been permitted to look into the whole case, so far as its history could be collected from any reliable source, whether furnished by the trial on circuit, or the brief referred to in the Judge’s report. These transactions have already proved prolific sources of litigation, and it is certainly matter of regret that we have not reached the end.
We are all agreed that the verdict rendered cannot stand, but the precise judgment now to he pronounced, as well as the grounds on which it should rest, involve many difficulties and lead to difference of opinion.
First as to the pleadings. The replication of plaintiff to defendant’s special plea, in the judgment of a majority may well be regarded as a departure, and hence defective. If de *260 fendant’s plea contained matter, which, if true, precluded plaintiif’s action, the fact that a Chancellor granted leave to sue the bond was no reply. It was not equivalent to a summons to account, much less to an account stated. Nor did it dispense with the account. It was a mere permission to pursue a common law remedy, if the party elected thus to proceed, taking upon himself the burthen still of showing that, according to the rules prevailing in the Law Court, he was entitled to the remedy sought. The defendant having demurred to this replication, we are invited to a review of the previous pleadings, and required to pronounce judgment of condemnation on the first error. Hence a question of greater difficulty, whether the special plea was not defective. The case in hand seems very analogous to previous cases, wherein it has been held that, to maintain actions at law on bonds enumerated, the accounts must have been examined and adjusted, and a specific sum decreed. I know a distinction is insisted on as to administrators’ bonds, &c. But the cases pressing with great force on this point are to be found in 3 McC. 237, Anderson vs. Maddox, and 4 McC. 121, Wallace ads. James. In the former case, which was on a guardian’s bond, the defendant pleaded specially, as here, and the plaintiff tested the sufficiency of that plea by a general demurrer, and, although sustained on circuit, the decision was reversed by the Court of Appeals. In the latter case, on the bond of a committee to a lunatic, a demurrer to plaintiff’s declaration was sustained, thus affirming the previous case, and the principle there recognized, even although a suit had been ordered by a Chancellor.
The clear mind of Judge Nott has well illustrated the convenience and safety, and in many cases the indispensable necessity of a previous account before any satisfactory result can be attained: he has, at the same time however, furnished a distinction to be observed in this whole class of cases. “ If,” says the Judge, 3 McC. 238, “the plaintiff set out the condition of the bond in his declaration and assign a specific breach, so that it shall appear to the Court that no inquiry into the state *261 of the defendant’s accounts will he necessary, I can see no objection to maintain the action in a Court of Law.” So, too, when a specific sum is ascertained to he due, an action may he brought on the bond, for the purpose of recovering that amount, without reference to any previous accounting, 4 McC. 122, and case referred to in note. In the case of Rice vs. Thomson, 2 Bail. 339, cited in the argument, although there was a decree of the Ordinary, and therefore, not in point here as to any thing ruled, yet I am furnished with an admonition of the dangerous extremes to which it was attempted to carry the Law Court, in denying all jurisdiction in this class of cases, unless there was an averment of an account and a sum certain found. Cases subsequently decided, and there are many to he found in our books, in which this Court has permitted a review and correction of the account even when taken, militate against the position claimed by this mode of defence, whether set up by special plea or by'demurrer. So, too, of the rule, which permits a verdict for the penalty, illustrating the principle as to jurisdiction, although it is true, practically, the remedy may be refused, when the condition of the bond comes to be submitted to a j“7-
The plaintiff in this case has set forth the bond, and its condition, with an assignment of breaches, and upon a question of pleading raised at this point by the special plea, on the authority of this general current of decisions made in analogous cases, and the principles well established thereby, to which I have already referred, there being neither negative to the averments by the plaintiff, nor matter submitted in bar of his right of action, the plea itself was likewise defective.
Regarding the case in this aspect, a brief recurrence to the facts becomes necessary, by way of illustrating the legal principles I mean to assert. Taking it for the present as a case in which the plaintiff is required to submit the .condition of the bond to the jury, a majority of us are of opinion that difficulties lie in his way in the present condition of things, insuperable, assuredly, in so far at least as he may hope to reach an ade *262 quate remedy. His equities are manifest, but he must be subjected to the operation of obvious rules. In addressing myself to this part of the case, I have already said, there-is unanimity amongst us, that the verdict, in its present form, connot be maintained.
The sum of $2025 was paid over to the defendant’s testator, who was surety to the trustees, C. L. McNish and J. H. McNish. This amount with interest was assumed as the true measure of damages, and the verdict was rendered accordingly, except that, inasmuch as the aggregate exceeded the penalty of the bond, the verdict was confined to that amount, viz : $3000. But the whole fund arising from the sales by the Commissioner, and which constituted the highest possible measure of damages, was $1500, less the costs, reducing it to the sum of $1445 with interest from time of sale, March, 1841, which at the time of rendering the verdict was several hundred dollars less than the sum found. This might be reached by an order nisi, except for other objections that cannot be thus cured. I will briefly recur to them. What was the trust devolved on C. L. McNish and J. H. McNish, and in reference to which defendant’s testator was bound to respond by the terms of his contract ? They were substituted as trustees in the room of Messrs. Fielding and Davant. The performance of that specific trust had reference to the “ Stock Farm,” and required the proceeds to be applied to the use of Mrs. Ann McNish, during her life, and after her decease to the use of her children. Thus plaintiff alleges in his declaration, though not exactly in the words, it would seem, of the trust deed. This tract, with another, known as the “ Bower” tract, which had been conveyed to a different trustee and subject to a different use, had been sold by order of the Court of Equity. Its value, or more properly the proceeds of sale, was material and indispensable. The sales of the Stock Farm and the Bower tract were reported jointly, and hence the plaintiff failed in this part of his proof, though a portion of my brethren deem this immaterial, regarding the liability of the surety as extending to the whole fund. Be this as it may. The *263 money was in the hands of the trustees in lieu of the land, and Mrs. McNish, being still alive, was entitled to the interest accruing from the sale of the Stock Farm. Whence, then, it may be asked, could any higher measure of damages be adopted, until, by the death of Mrs. McNish, the children became entitled, or by an order of the Court of Equity the fund was wholly withdrawn.
Again: C. L. McNish and J. H. McNish were each entitled to an interest in the fund, and this recovery presents the singular anomaly, of subjecting the surety to a heavier recovery, than would be authorized against the principals.
To avoid confusion, and with the hope of securing unanimity in the judgment now rendered, at the risk of being deemed prolix, I will take the liberty of presenting a sort of summary of the point raised, and the ruling now contemplated, as applicable to this class of cases. We are not disposed to disavow the jurisdiction of this Court over bonds conditioned for the performance of covenants, or to embarrass its practice by views so narrow as to render its jurisdiction unprofitable. But whilst we admit, in the case of a bond to secure the faithful performance of his duty by a private clerk, and in many other cases, there may be a necessity for the Court’s entering upon the investigation of complicated accounts : that even in the case of an administrator’s bond, a precise amount ascertained, by previous adjudication of this Court, (1 McM. 380, Ordinary vs. Hunt,) may render any accounting unnecessary; and that by surcharging and falsifying, in the mode heretofore prescribed, a surety may bring, under the review of this Court, a decree rendered upon accounting had against his principal: we cannot repudiate the many cases which have settled, that where a guardian, committee, administrator, or other trustee, has been by the general law, or by the terms of his appointment, required to render his accounts before a tribunal adequate to adjust accounts, an accounting before that tribunal must be had, as the best evidence to show a balance, claimed to be due, from the trustee, upon his accounts. In the case before us it is said a balance is *264 not claimed: that no accounts have been rendered, and that the whole sum received is claimed. But how can it properly appear, without accounting, that the sum claimed, or some of it, has not been properly disbursed by the trustees, although no returns have been made of the accounts to the proper officer; and if this case should be easy, how could a practice be admitted, that would bring upon the Court difficult accounts, which its organization is not suited to adjust, but which might be easily adjusted before the tribunal where an account was expected at the time of the appointment. And how can this Court know, that the whole sum received is to constitute the recovery, when the trust seems yet to be unrevoked : no order requiring payment by the trustee has been made, and the terms of the trust deed make it the duty of the trustee, to permit the profits, and not the corpus, to be enjoyed by the cestui que trust. Such damages as have resulted from the failure to apply, as required by the deed, and from the failure to make returns, as required by the bond, would follow from the breaches which the plaintiff has assigned. The admission of the breaches assigned, which is contained in the falsification of the plea of nonest factum, and the default of all other answer to the declaration, which results from the demurrer going to the plea, puts the case, however, in the same condition as if there had been an order for judgment by default, followed by inquiry of damages. What the damages are, is yet to be ascertained, and when the plaintiff undertakes to show them, the necessity of a decree rendered upon an accounting had in the Court of Equity, will appear from the insufficiency of all other evidence weighed according to the well established practice of this Court.
If there had been no plea but the special plea we have been considering, we would have agreed that the demurrer should go to the plea, that the assessment of damages should be set aside, the plaintiff allowed to enter his judgment for the penalty, to stand under an Act of Assembly A. D. 1792, (7 Stat. 280, sec. 7,) as security for the damages and costs, and a new assessment of damages be made. As, however, the plea of non est *265 factiwn, was filed and issue thereupon has been found against the defendant, but only one verdict.has been rendered, and that must be set aside; and as the defendant was well warranted, by previous decisions, in pleading his special plea; we order, that the verdict be set aside on the following conditions:
That the plaintiff have leave to enter his judgment for the penalty, to stand as a security for the sum to be assessed and the costs: execution to be stayed until an assessment be made: That the plaintiff have leave to file a suggestion of further breaches as he may be advised, after reasonable time for procuring an account, and that the defendant have leave to plead, as he may be advised, to the breaches already suggested and hereafter to be suggested : and that inquiry of damages be had, when, after reasonable time, the plaintiff may be ready to “submit the condition of the bond and the special circumstances to a jury in like manner as on a writ of inquiry.”
Wardlaw, Fuost, Withers, and Glover, JJ. concurred.